IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 1:11-cr-00279-JRR |
| TREYVON CORTEZ CAREY, | |
| *Defendant.* | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 51, as supplemented at ECF No. 54; the "Motion.") The court has reviewed all papers.

I.  **BACKGROUND**

In June 2012, Defendant Carey pleaded guilty to one count of robbery in violation of 18 U.S.C.§ 2111 (Count One), and one count of first-degree escape with assault in violation of 18 U.S.C. §§ 7 and 13 (Count Three). At Carey's sentencing, the court adopted the factual findings and United States Sentencing guidelines calculation set forth in the presentence investigation report; the guidelines range was 168 to 210 months, based upon a final offense level of 32, and Carey's criminal history category of IV. The court sentenced Defendant to 180 months of incarceration for Count One and a concurrent sentence of 120 months for Count Three, followed by three years of supervised release.

At the time of sentencing, Defendant's criminal history calculation was subject to a two-point enhancement pursuant to § 4A1.1(d), because he was under supervision at the time of the offenses. Since Defendant Carey was sentenced, however, the United States Sentencing Commission amended the United States Sentencing Guidelines, *inter alia*, to eliminate this two-point enhancement. As amended, the guideline calls for a one-point enhancement if a defendant

received seven or more criminal history points and committed the offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  U.S.S.G. § 4A1.1(e).  Importantly, the amendment's retroactivity benefits Defendant Carey.  Specifically, Carey's criminal history category was reduced to III, rendering the guidelines range 151 to 188 months' incarceration for robbery and 120 months' incarceration for first-degree escape with assault.  With that in mind, Defendant Carey seeks a "proportional sentence reduction from 180 months . . . to 62 months."  (ECF No. 54 at p. 2.)

Defendant Carey offers the following in support of his requested relief, with supportive exhibits appended to his Supplemental Motion at ECF No. 54:

> As the attached BOP record shows, Mr. Carey has worked hard at rehabilitating himself. He has earned his General Equivalency Degree; he has taken classes on varied topics including nutrition, American history, music, and the solar system; and he has learned practical skills in plumbing and drywall that will assist him in securing employment when he completes his term. See Exhibit B (BOP program review). Additionally, although Mr. Carey has a mixed disciplinary record, he appears to have turned the corner and has not incurred a single (even minor) infraction for the past 18 months.

While the Government agrees that Defendant Carey is entitled to the benefit of the revised guideline range, the Government opposes Defendant Carey's sentence reduction request based on the brutality of his assault of a correctional officer (which included broken facial bones and required implantation of a metal plate near the officer's eye),[1] as well as a long history of violent and non-violent infractions while in the custody of the Bureau of Prisons ("BOP").

# I      LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c).  This "rule of finality is subject to a few narrow exceptions."  *Freeman v.*

---

[1] The court will not here repeat the stipulated facts to which Defendant Carey pleaded guilty.  They are set forth in the parties' plea agreement and the Presentence Investigation Report, which the court has reviewed and incorporates herein.

*United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018).  One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).  "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

"One such retroactive amendment is Amendment 821 to the Sentencing Guidelines." *United States v. Gary*, No. CR JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). "Amendment 821 is a multi-part amendment." *Id.*  "Part A pertains to criminal history and 'status points.'" *United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (quoting *Gary*, 2024 WL 1641007, at *1).  As described above, by way of the retroactive amendment to Part A, Carey's guidelines range dropped to 151 to 188 months (from 168 to 210 months) by virtue of his criminal category reducing to level III (from IV).

Pursuant to 18 U.S.C. § 3553(a), the court shall consider several sentencing factors to arrive at a disposition that is sufficient, but not greater than necessary, to do justice; those factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the offense; the promotion of respect for the law; provision of a just punishment; deterrence (specific and general); protection of the public; the need to provide the defendant training or treatment in the most effective manner; the kinds of sentences available; the need to avoid unwarranted sentence disparities; and restitution, if relevant.

## II. <u>ANALYSIS</u>

The parties agree, as does the court, that Defendant is entitled to the elimination of the 2-point status enhancement, which reduces his criminal history category to III, and which, in turn, reduces his guidelines range to 151 to 188 months for the robbery conviction (and 120 for the assault conviction).

The court commends Defendant Carey for the personal improvement, education, and growth he has pursued while incarcerated. Further, the court commends Carey for (as of the date of the Supplemental Motion) comporting himself in compliance with facility rules for the last 18 months. However, the brutal nature of Carey's crimes coupled with a deeply troubling BOP infraction record – which includes page after page of repeated instances such as possessing a dangerous weapon, assault, insolence toward to correctional officers, blocking staff from securing his cell, spitting at staff, refusing to obey orders, striking staff with a liquid substance, threatening bodily harm, setting a fire, and public masturbatory behavior – considerably outweigh positive characteristics Defendant Carey has begun to develop since he was sentenced. As such, the court is unpersuaded by Carey's motion.

Specifically, in view of the nature of Carey's crimes – severely beating and robbing a correctional officer while incarcerated; and escaping the facility in the CO's vehicle – the court harbors grave concern that Defendant Carey remains a threat to public safety, has not been deterred from behavior in the vein of the conduct for which he is incarcerated, and has demonstrated little to no respect for the law or those charged with ensuring it is abided within the walls of his facility. Therefore, the court is further concerned that reducing Defendant Carey's sentence as requested will not honor the importance of sentencing in a manner that promotes respect for the law and is commensurate with the seriousness of the offense.

For the foregoing reasons, it is this 4th day of April 2025,

**ORDERED** that the Motion for sentence reduction (ECF Nos. 51 and 54) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Defendant Treyvon Cortez Carey.

                                                                 /s/
                                            Julie R. Rubin
                                            United States District Judge